1   DAVID M. LILIENSTEIN, SBN 218923
        david@dllawgroup.com
2   DL LAW GROUP
    345 Franklin St.
3   San Francisco, CA 94102
    Telephone: 415.392.2289
4   Facsimile: 415.358.8484

5   BRIAN S. KING, UT Bar No. 4610
        brian@briansking.com
6   BRIAN S. KING, ATTORNEY AT LAW
    336South 300 East, Suite 200
7   Salt Lake City, UT 84111
    Telephone: 801.532.1739
8   Facsimile: 801.532.1936

9   ROBERT G. WING, UT Bar No. 4445
        rgw@princeyeates.com
10  PRINCE YEATES & GELDZAHLER
    175 East 400 South, Suite 900
11  Salt Lake City, UT 84111
    Telephone: 801.524.1000
12  Facsimile: 801.799.5700

13  Attorneys for Plaintiffs, DENNIS F. and CAROL F.,
    individually, as guardians of GRACE F., et al.

14

15  RICHARD J. DOREN, SBN 124666
        rdoren@gibsondunn.com
16  HEATHER L. RICHARDSON, SBN 246517
        hrichardson@gibsondunn.com
17  GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
18  Los Angeles, CA  90071-3197
    Telephone:  213.229.7000
19  Facsimile:  213.229.7520

20  Attorneys for Defendant, AETNA LIFE INSURANCE
    COMPANY

21                  UNITED STATES DISTRICT COURT

22                  NORTHERN DISTRICT OF CALIFORNIA

23
    DENNIS F. and CAROL F., individually, as        Case No. CV-12-2819-SC
24  guardians of GRACE F., et al.;
                                                     STIPULATED PROTECTIVE ORDER
25                  Plaintiffs,

26          v.

27  AETNA LIFE INSURANCE COMPANY,
                    Defendant.
28

STIPULATED PROTECTIVE ORDER                                          CV-12-2819-SC

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order."CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and Confidential Health Information.

2.3   <u>Confidential Health Information</u>: Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as Confidential and subject to all other terms and conditions governing the treatment of Confidential Information, as set forth in subparagraphs (a)-(b) of this paragraph. "Confidential Health Information" shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. "Confidential Health Information" shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164

promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

> (1)   names;
>
> (2)   all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
>
> (3)   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
>
> (4)   telephone numbers;
>
> (5)   fax numbers;
>
> (6)   electronic mail addresses;
>
> (7)   social security numbers;
>
> (8)   medical record numbers;
>
> (9)   health plan beneficiary numbers;
>
> (10)  account numbers;
>
> (11)  certificate/license numbers;
>
> (12)  vehicle identifiers and serial numbers, including license plate numbers;
>
> (13)  device identifiers and serial numbers;
>
> (14)  web universal resource locators ("URLs");
>
> (15)  internet protocol ("IP") address numbers;
>
> (17)  biometric identifiers, including finger and voice prints;
>
> (18)  full face photographic images and any comparable images; and/or
>
> (19)  any other unique identifying number, characteristic, or code.

2.4    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."<u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored,

or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8   House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Prcducing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non- Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

1    5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see,

2    e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

3    Discovery Material that qualifies for protection under this Order must be clearly so designated before

4    the material is disclosed or produced.

5         Designation in conformity with this Order requires:

6         (a)   <u>for information in documentary form</u> (e.g., paper or electronic documents, but

7    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

8    affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

9    or portions of the material on a page qualifies for protection, the Producing Party also must clearly

10   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

11        A Party or Non-Party that makes original documents or materials available for inspection need

12   not designate them for protection until after the inspecting Party has indicated which material it would

13   like copied and produced. During the inspection and before the designation, all of the material made

14   available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified

15   the documents it wants copied and produced, the Producing Party must determine which documents, or

16   portions thereof, qualify for protection under this Order. Then, before producing the specified

17   documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains

18   Protected Material. If only a portion or portions of the material on a page qualifies for protection, the

19   Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

20   markings in the margins).

21        (b)   <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that

22   the Designating Party identify on the record, before the close of the deposition, hearing, or other

23   proceeding, all protected testimony. Alternatively, counsel for a Party may designate a deposition or

24   hearing transcript or a portion thereof, disclosing, containing or referring to any Confidential

25   Information hereunder as "Confidential" by informing counsel for all other Parties to this action in

26   writing within twenty (20) business days after receipt of the transcript (or such other time as may be

27   agreed), as to the specific pages deemed Confidential, and thereafter such pages shall constitute

28   Confidential Documents pursuant to this Order. Upon receipt of such notice, any Party in possession

1   of copies of such designated transcript shall affix the appropriate Legend thereto.  Until the receipt of

2   such designation, the transcript shall be presumed to not contain Confidential Information.

3           (c)     <u>for information produced in some form other than documentary and for any</u>

4   <u>other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

5   container or containers in which the information or item is stored the legend "CONFIDENTIAL." If

6   only a portion or portions of the information or item warrant protection, the Producing Party, to the

7   extent practicable, shall identify the protected portion(s).

8        5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

9   designate qualified information or items does not, standing alone, waive the Designating Party's right

10  to secure protection under this Order for such material. Upon timely correction of a designation, the

11  Receiving Party must make reasonable efforts to assure that the material is treated in accordance with

12  the provisions of this Order.

13  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

14       6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

15  confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

16  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or

17  a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

18  confidentiality designation by electing not to mount a challenge promptly after the original designation

19  is disclosed.

20       6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by

21  providing written notice of each designation it is challenging and describing the basis for each

22  challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite

23  that the challenge to confidentiality is being made in accordance with this specific paragraph of the

24  Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the

25  process by conferring directly (in voice to voice dialogue; other forms of communication are not

26  sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must

27  explain the basis for its belief that the confidentiality designation was not proper and must give the

28  Designating Party an opportunity to review the designated material, to reconsider the circumstances,

and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
      LITIGATION

      If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

must:

      (a)    promptly notify in writing the Designating Party.  Such notification shall

include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject to

this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Party served with the subpoena or

court order shall not produce any information designated in this action as "CONFIDENTIAL" before a

determination by the court from which the subpoena or order issued, unless the Party has obtained the

Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material -- and nothing in these provisions should be

construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
      LITIGATION

      (a)    The terms of this Order are applicable to information produced by a Non-Party

in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing

in these provisions should be construed as prohibiting a Non-Party from seeking additional

protections.

      (b)    Any Party may designate as "Confidential" any document that is produced or

disclosed without such designation by any non-party, within ten (10) business days of discovery of

such document (or such other time as may be agreed), provided that such document contains Confidential Information of a designating Party, in the following manner"

(1)     Parties to the Litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document.  Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within ten (10) business days of receipt of such notice (or such other time as may be agreed), return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

(2)     Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

(3)     The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-Party.  For any discovery that was served on a non-Party prior to the date of this Protective Order, the Party who served the discovery shall provide the non-Party with a copy of this Protective Order within five (5) business days of the date this Order is entered by the Court.

(c)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

1        (2) promptly provide the Non-Party with a copy of the Stipulated Protective

2    Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the

3    information requested; and

4        (3) make the information requested available for inspection by the Non-

5    Party.

6       (d) If the Non-Party fails to object or seek a protective order from this court within

7    14 days of receiving the notice and accompanying information, the Receiving Party may produce the

8    Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely

9    seeks a protective order, the Receiving Party shall not produce any information in its possession or

10   control that is subject to the confidentiality agreement with the Non-Party before a determination by

11   the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

12   seeking protection in this court of its Protected Material.

13   10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15   Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the

16   Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

17   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

18   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

19   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

20   Bound" that is attached hereto as Exhibit A.

21   11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
22      MATERIAL

23     Disclosure (including production) of information that a Party or non-party later claims should

24   not have been disclosed because of a privilege or other production, including, but not limited to, the

25   attorney-client privilege or work product doctrine ("Privileged Information"), shall not automatically

26   constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product,

27

28
---
[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

or other ground for withholding production as to which the Producing Party would be entitled in the Litigation, any other litigation, or any other federal or state proceeding. This Order, as entered by the Court and agreed to by the Parties, is intended to provide protection consistent with the full protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which even the disclosure also is not a waiver in any other Federal or State proceeding." Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis for withholding such information from production. After being notified, all other Parties must return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if he/she/it disclosed the Privileged Information before being notified. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the request for the return of the Privileged Information. Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party. The parties shall thereafter meet and confer in good faith regarding the disputed claim within ten (10) days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for determination of whether a privilege applies. If such a motion is made, the Producing Party shall submit to the Court for in camera review under seal a copy of the Privileged Information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information until the claim is resolved. If the claim of privilege is not disputed or resolved in favor of the Objecting Party, then all other Parties will return or destroy the privileged document.

12.   MISCELLANOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

1    12.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no

2    Party waives any right it otherwise would have to object to disclosing or producing any information or

3    item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any

4    right to object on any ground to use in evidence of any of the material covered by this Protective Order.

5    12.3    <u>Filing Protected Material.</u>  Without written permission from the Designating Party or a

6    court order secured after appropriate notice to all interested persons, a Party may not file in the public

7    record in this action any Protected Material.  A Party that seeks to file under seal any Protected

8    Material must comply with Civil Local Rule 79-5 and General Order 62.  Protected Material may only

9    be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

10   issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a

11   request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

12   otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material

13   under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the

14   Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e)

15   unless otherwise instructed by the court.

16   13.   FINAL DISPOSITION

17      Within 60 days after the final disposition of this action, as defined in paragraph 4, each

18   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

19   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

20   summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the

21   Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

22   the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

23   deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned

24   or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

25   compilations, summaries or any other format reproducing or capturing any of the Protected Material.

26   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

27   papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

28   exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: December 3, 2012
BRIAN S. KING
BRIAN S. KING, ATTORNEY AT LAW


By: _____/s/_____
                 Brian S. King

DAVID M. LILIENSTEIN
DM LAW GROUP

ROBERT G. WING
PRINCE YEATES & GELDZAHLER

Attorneys for Plaintiffs, Dennis F., et al.

Dated: December 3, 2012
RICHARD J. DOREN
HEATHER L. RICHARDSON
GIBSON, DUNN & CRUTCHER LLP


By: _____/s/_____
                 Richard J. Doren

Attorneys for Defendant, AETNA LIFE INSURANCE COMPANY

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____December 10, 2012_____   _____
                                          Hon. Samuel Conti
                                          United States District Judge

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4        I, _____ [print or type full name], of _____

5    [print or type full address], declare under penalty of perjury that I have read in its entirety and

6    understand the Stipulated Protective Order that was issued by the United States District Court for the

7    Northern District of California on [date] in the case of *Dennis F., et al. v. Aetna Life Insurance*

8    *Company*, Case No. CV-12-2819-SC.  I agree to comply with and to be bound by all the terms of this

9    Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose

10   me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose

11   in any manner any information or item that is subject to this Stipulated Protective Order to any person

12   or entity except in strict compliance with the provisions of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16        I hereby appoint _____ [print or type full name] of

17   _____ [print or type full address and telephone number] as my California agent

18   for service of process in connection with this action or any proceedings related to enforcement of this

19   Stipulated Protective Order.

20

21   Date: _____

22   City and State where sworn and signed: _____

23   Printed Name: _____
                      [printed name]
24

25   Signature: _____
                  [signature]
26

27   101395091.1

28

---

STIPULATED PROTECTIVE ORDER                                    CV-12-2819-SC