IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENNIS F., CAROL F., GRACE F., MARK P., KESTREL P., MAURA T., EDWARD T., EMILY T., ED L., and MINDY L.,

Plaintiffs,

v.

AETNA LIFE INSURANCE,

Defendant.

Case No. 12-cv-02819-SC

ORDER FOR SUPPLEMENTAL BRIEFING RE: CLASS CERTIFICATION

Now before the Court is Plaintiffs' motion for class certification. The motion is essentially predicated on the allegation that Defendant adopted an erroneous policy of tabulating patients' LOCAT scores. Specifically, Plaintiffs take issue with the way in which Defendant tabulated the total LOCAT Scores for Dimension III and Dimension V. For each of these dimensions, Defendant assigned a score of either "0" or "1," depending on whether a patient had a score of "3" or greater in any sub-dimension. Plaintiffs assert that the total score for Dimension III should be equivalent to the highest sub-dimension score in that

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

dimension. Plaintiffs assert that the total score for Dimension V should be tabulated in the same way. Alternatively, Plaintiffs assert that Defendant should have scored Dimension V by taking the sum of the scores of Dimension V's three sub-dimensions. The focus of the class is Defendant's alleged failure to correctly tabulate LOCAT scores, not Defendant's alleged errors in evaluating medical records. However, if the class is not certified, Plaintiffs have reserved the right to argue that Defendant improperly evaluated their conditions.

While the Court is not prepared to render a judgment on the merits of Plaintiffs' class claims at this time, the Court is concerned with Plaintiffs' interpretation of the LOCAT Scoring Form. The LOCAT Scoring Forms submitted by Plaintiffs indicate that "24" is the highest LOCAT score a patient can possibly receive. See Mot. Ex. 7 (indicating that a patient may qualify for inpatient care if that patient receives a score of "11-24"). Defendant's interpretation of the LOCAT Scoring Form also yields a possible high score of "24" -- a patient could receive high scores of "20," "1," "1," "1," and "1" for Dimensions I through V, respectively. However, Plaintiff's interpretation yields a high score of "42" -- a patient could receive high scores of "20," "1," "5," "1," and "15" for Dimensions I through V, respectively.[1] Thus, Plaintiffs' interpretation of the LOCAT Scoring Form could

[1] A patient could receive a total Dimension V score of "15" (and thus a total LOCAT score of "42") if the sub-dimensions scores for Dimension V are added together. Alternatively, if the total score for Dimension V is equivalent to the highest sub-dimension score, with "5" being the highest possible sub-dimension score, a patient could receive a total LOCAT score as high as "32."

yield a LOCAT score which is almost double the highest possible score identified by the form itself.

Given this inconsistency, it is unclear if Plaintiffs can prevail on class claims predicated on their interpretation of the LOCAT Scoring Form. While neither party has asked the Court to rule on the merits of Plaintiffs' class claims, determination of a motion for class certificate "generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2552 (2011). Moreover, the Court is concerned about the possibility of certifying a class that has little chance of succeeding on the merits, especially since Plaintiffs might have a better chance of success if they merely challenged Defendant's individual decisions concerning the medical necessity of RTC care, claims which Plaintiffs have waived by proceeding as a class action.

Accordingly, the Court requests supplemental briefing on (i) whether the LOCAT Scoring Forms or any of the other evidence before the Court support Plaintiffs' interpretation of the LOCAT Scoring Forms, (ii) and how the concerns expressed above might affect Plaintiffs' motion for class certification. The Court also requests supplemental briefing on whether any Aetna members have been granted coverage for RTC care despite having a LOCAT Score that, according to the LOCAT Scoring Form, was too low to justify that level of care. Finally, the Court requests that Plaintiffs provide a more exact definition of their proposed class that includes, time limitations, e.g., "Subclass 1 is comprised of those

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Aetna participants and beneficiaries who submitted claims any time after January 1, 2008 . . . ." [2]

The parties shall submit their supplemental briefs within seven (7) days of the signature date of this Order. The supplemental briefs shall not exceed ten (10) pages.

IT IS SO ORDERED.

Dated: September 10, 2013

UNITED STATES DISTRICT JUDGE

[2] The Court notes that Exhibits 4 through 7 to Plaintiff's motion, the LOCAT Scoring Forms for Emily, Grace, and Mariah, are blurry and practically illegible. The Court requests that Plaintiffs submit legible copies of these exhibits, along with a legible copy of the LOCAT Scoring Form for Kestrel. These exhibits may be filed under seal.