IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE F., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 12-cv-02819-MMC<br><br>**ORDER RE: STANDARD OF REVIEW**<br><br>Re: Dkt. No. 186 |
| AVIVA B., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 16-cv-01395-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |
| BRIAN K., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 16-cv-01397-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |
| DANIEL B., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 16-cv-01398-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |

| | |
|---|---|
| ELAINE L., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AETNA LIFE INSURANCE COMPANY,<br>　　　　Defendant. | Case No. 16-cv-01399-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |
| EVAN P., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AETNA LIFE INSURANCE COMPANY,<br>　　　　Defendant. | Case No. 16-cv-01400-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |
| M.M., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AETNA LIFE INSURANCE COMPANY,<br>　　　　Defendant. | Case No. 16-cv-01401-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |
| RYAN B., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AETNA LIFE INSURANCE COMPANY,<br>　　　　Defendant. | Case No. 16-cv-01402-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |
| SAMANTHA W., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AETNA LIFE INSURANCE COMPANY,<br>　　　　Defendant. | Case No. 16-cv-01403-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |
| SUSANNA R., et al.,<br>　　　　Plaintiffs,<br>　　v.<br>AETNA LIFE INSURANCE COMPANY,<br>　　　　Defendant. | Case No. 16-cv-01404-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |

| | |
|---|---|
| TALYA B., et al.,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>AETNA LIFE INSURANCE COMPANY,<br>　　　Defendant. | Case No. 16-cv-01405-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |
| TRISTAN W., et al.,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>AETNA LIFE INSURANCE COMPANY,<br>　　　Defendant. | Case No. 16-cv-01406-MMC<br><br>**ORDER RE: STANDARD OF REVIEW** |

Before the Court is plaintiffs' "Memorandum Regarding Standard of Review," filed August 29, 2016. Defendant Aetna Life Insurance Company ("Aetna") has filed opposition, to which plaintiffs have replied. The matter came on regularly for hearing on November 4, 2016. Brian S. King of Brian S. King, PC and David M. Lilienstein of DL Law Group appeared on behalf of plaintiffs. Heather L. Richardson of Gibson, Dunn & Crutcher LLP appeared on behalf of Aetna.

At the November 4 hearing, the Court afforded Aetna the opportunity to file additional documentation and afforded both parties the opportunity to file supplemental briefing. On January 13, 2017, Aetna filed additional documentation as well as a supplemental opposition and, on February 15, 2017, filed an additional declaration. On February 17, 2017, plaintiffs filed their supplemental reply.

The Court, having considered the papers filed by the parties,[1] as well as the

---

[1] Plaintiffs argue that the Court should not consider Aetna's late-filed declaration. As Aetna explains, however, it "ha[d] been diligently working to receive this declaration from [third party] Mitsui & Co. since the Court ordered supplemental briefing" but was unable to obtain it until February 13, 2017. (See Def.'s Not. Re: McGowan Decl., at 1:7-10.) On that date, Aetna emailed a copy to plaintiffs' counsel (see Pl.'s Suppl. Reply at 9:27), and plaintiffs do not contend they have been prejudiced by their delayed receipt of the document. See, e.g., Randhawa v. Skylux, Inc., 629 Fed. App'x 802, 804 (9th Cir. 2015) (finding, "even without an affidavit of counsel showing good cause for the separate filing," district court had discretion to admit late-filed declaration "because it did not affect plaintiffs' substantial rights").

3

arguments of counsel at the hearing, rules as follows.

## BACKGROUND

Each of the above-titled related actions asserts a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically, 29 U.S.C. § 1132(a)(1)(B), and is brought by (1) an individual who, as a minor, received mental health treatment at a residential treatment center and (2) the minor's parent or parents, who sought coverage for such treatment under an employer-sponsored health plan, which, in each instance, was administered by Aetna. Aetna denied each claim on the ground that the services rendered were not medically necessary. Plaintiffs, in challenging Aetna's decisions, allege that Aetna "fail[ed] to correctly apply its LOCAT [Level of Care Assessment Tool] criteria." (See Third Amended Complaint, Case No. 12-2819, ¶¶ 4, 26.)[2]

By order filed July 22, 2016, the Court approved the parties' stipulation, whereby it was agreed that, prior to any briefing on the merits of plaintiffs' claims, the parties would first file briefing setting forth their respective positions as to the applicable standard by which Aetna's decisions are to be reviewed. Plaintiffs contend the Court should, in each case, review de novo Aetna's decision to deny benefits, whereas Aetna argues abuse of discretion is the applicable standard of review.

## LEGAL STANDARD

Under ERISA, a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" See 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has held that a "denial of benefits

---

[2] On July 22, 2016, the Court approved the parties' stipulation that "any document that applies to all twelve (12) related case should be filed only in the lead action (Case No. 3:12-cv-02819) and [is] deemed filed in all twelve (12) related cases," the complaint therein being representative of the other eleven complaints. (See Order Granting Joint Stipulation Regarding the Filing of Documents Applicable to Related Cases, filed July 22, 2016) (emphasis omitted).)

4

1  challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the
2  benefit plan gives the administrator or fiduciary discretionary authority to determine
3  eligibility for benefits or to construe the terms of the plan." See Firestone Tire & Rubber
4  Co. v. Bruch, 489 U.S. 101, 115 (1989). "[I]f the plan does confer discretionary authority
5  as a matter of contractual agreement, then the standard of review shifts to abuse of
6  discretion." Abatie v. Alta Health Life Ins. Co., 458 F.3d 955, 963 (9th Cir.2006)
7  (emphasis omitted). Although "[t]here are no 'magic' words" that must appear in the plan
8  document, "for a plan to alter the standard of review from the default of de novo to the
9  more lenient abuse of discretion standard, the plan must unambiguously provide
10 discretion to the administrator." See id. The plan administrator "bears the burden of
11 proving the [p]lan's grant of such discretionary authority." See Prichard v. Metropolitan
12 Life Ins. Co., 783 F.3d 1166, 1169 (2015).

**DISCUSSION**

In their opening memorandum, plaintiffs argued a de novo standard of review should apply here because, according to plaintiffs, Aetna had not "carried its burden of proving that the documents governing the relationship between the parties establish discretionary authority." (See Pl.'s Mem. at 4:17-19.)

The primary issue in the initial round of briefing was whether the plan documents submitted by Aetna in each of the twelve cases were "formal plan documents," see Prichard, 783 F.3d at 1169, i.e., documents constituting the "benefit plan" itself, see Firestone, 489 U.S. at 115. In particular, although, for each plaintiff's plan, Aetna had submitted the summary plan description and, for some plans, the administrative services agreement as well, a question remained as to whether Aetna had made a showing sufficient to support a finding that those documents were cognizable as formal plan documents.

With the benefit of the additional documentation provided by Aetna, the parties now agree as to the standard of review applicable to seven of the twelve cases, but continue to disagree as to the standard of review applicable to the other five.

### A. Plaintiffs Grace F., Daniel B., Ryan B., Brian K., Elaine L., Susanna R., and Tristan W.[3]

As to claims brought by Grace F., Daniel B., Ryan B., Brian K., Elaine L., Susanna R., and Tristan W., plaintiffs no longer ask the Court to apply a de novo standard of review and agree that the additional documentation submitted by Aetna "justifies an abuse of discretion standard." (See Pl.'s Suppl. Reply at 7:1-8:18.) The Court, having reviewed that additional material, is in accord.

Accordingly, as to claims of the above-named seven plaintiffs, the Court will apply an abuse of discretion standard of review.

### B. Plaintiffs Talya B. and M.M.

As to Talya B. and M.M., Aetna initially submitted booklets, each titled "Benefit Plan," and each of which states it "describes the main features of the plan" (see Richardson Decl., filed Sept. 16, 2016, Ex. J at AET-DF-023727, AET-DF-023793; id. Ex. Q at AET-DF-032926, AET-DF-032996), thereby arguably suggesting the booklet was not the plan itself. Thereafter, Aetna submitted declarations from the employers who sponsored the plans for Talya B. and M.M., averring that, after a diligent search of their records, the booklets submitted by Aetna are the sole plan documents for Talya B. and M.M.'s plans. (See McGowan Decl., filed Feb. 15, 2017, ¶ 2; Kary Decl., filed Jan. 13, 2017, ¶¶ 2-3.)

Plaintiffs do not dispute the sufficiency of the above-referenced declarations to support a finding that the "Benefit Plan" booklets constitute the plans for Talya B. and M.M. Rather, plaintiffs dispute the sufficiency of the language contained therein to confer upon Aetna the discretion "to determine eligibility for benefits or to construe the terms of the plan." See Firestone, 489 U.S. at 115. The Court next turns to that question.

---

[3] To protect the privacy of the minors and the confidentiality of their medical information, all plaintiffs are identified by the use of initials. In eleven of the cases only an initial is used in place of the last name; in one case, however, given the unusual nature of the first name, initials are used in place of both the first and last names.

6

United States District Court
Northern District of California

Each booklet states the plan "pays benefits only for services and supplies described in this Booklet as covered expenses that are medically necessary" (see Richardson Decl., filed Sept. 16, 2016, Ex. J at AET-DF-023737; id. Ex. Q at AET-DF-032936) and excludes coverage for services that are "not medically necessary, as determined by Aetna" (see id. Ex. J at AET-DF-023773, id. Ex. Q at AET-DF-032975). The Court agrees with Aetna that such language suffices to confer the requisite discretion. In particular, the Court agrees with the reasoning set forth in Eisenberg and Neurocare, two of the cases on which Aetna relies and in which language similar to that here was at issue. See Eisenberg v. Principal Life Ins. Co., 276 F. Supp. 2d 1077, 1080-81 (D. Nev. 2003) (finding phrase "[l]eaving the determination as to what is medically necessary to [defendant insurer]" constitutes sufficiently "unambiguous grant of discretion"); Neurocare, Inc. v. Principal Life Ins. Co., No. C 98-0195 MJJ, 1999 WL 33221123, at *4 (N.D. Cal. Sept. 29, 1999) (holding phrase "defining medically necessary care as treatment 'considered by [defendant insurer] . . . to be necessary and appropriate' . . . is the type of reservation of discretion that meets the Firestone Tire test"; noting "the standard for providing care is defined, as well as the arbiter of that standard (i.e., [defendant insurer])").

By contrast, the language at issue in the cases on which plaintiffs rely is markedly distinguishable. See Feibusch v. Integrated Device Tech., Inc. Employee Benefit Plan, 463 F.3d 880, 883-84 (9th Cir. 2006) (holding plan did not confer discretion where policy provided "proof of a disability claim 'must be satisfactory to [defendant insurer]'"; noting "the language makes no reference whatsoever to granting or denying benefits"); Ingram v. Martin Marietta Long Term Disability Income Plan, 244 F.3d 1109, 1112-13 (9th Cir. 2001) (finding de novo review applicable where plan stated "[t]he carrier will make all decisions on claims"; finding "[a]n allocation of decision-making authority . . . is not, without more, a grant of discretionary authority in making those decisions"); see also Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089 (9th Cir. 1999) (noting "[t]he word 'satisfactory' is traditionally limited by an objective standard," i.e., "satisfactory to a

7

reasonable person").

Accordingly, as to the claims of Talya B. and M.M., the Court will apply an abuse of discretion standard of review.

**C.  Plaintiff Aviva B.**

As to the claim brought by Aviva B., Aetna initially submitted a booklet titled "Benefit Plan," which states it "describes the main features of the plan." (See Richardson Decl., filed Sept. 16, 2016, Ex. E at AET-DF-020071, AET-DF-020147.)[4] In this instance, Aetna was unable to provide a declaration from the plan sponsor. The booklet is, however, similar in structure and language to the "Benefit Plan" booklets Aetna submitted in connection with the claims of Talya B. and M.M., for which, as discussed above, the plan sponsors verified there were no other plan documents. Additionally, Aetna states that it asked counsel for Tradeweb, the company that acquired Aviva B.'s plan sponsor, BondDesk Group, LLC, "to see if any documents pertaining to BondDesk's ERISA-governed health plan were exchanged during the acquisition," and that Tradeweb's "counsel was unable to find any plan documents." (See Def.'s Suppl. Opp. at 9:25-26). Taken together, the Court finds the above circumstances sufficient to support a finding that the booklet submitted in connection with Aviva B.'s claim constitutes the sole plan document for Aviva B.'s plan. The Court next turns to the provisions therein.

In that regard, the language on which Aetna relies is indistinguishable from that contained in the booklets for Talya B. and M.M. (See Richardson Decl., filed Sept. 16, 2016, Ex. E at AET-DF-020082 (providing plan "pays benefits only for services and supplies described in this Booklet-Certificate as covered expenses that are medically necessary"); id. at AET-DF-020120 (excluding coverage for services that are "not

---

[4] Although the booklet further states that "[a]dditional provisions are described elsewhere in the group policy" (see id. Ex. E at AET-DF-020147), the booklet Aetna submitted as to M.M. uses almost identical language (see id. Ex. Q at AET-DF-032996 ("[a]dditional provisions are described elsewhere in the group contract")), and the plan sponsor for M.M. has, despite that language, confirmed that "there were no governing plan documents, that [she is] aware of, or '[c]ontract' other than the [booklet]" (see Kary Decl., filed Jan. 13, 2017, ¶ 3).

8

medically necessary, as determined by Aetna")), and, for the reasons set forth above as to the claims of Talya B. and M.M., the Court finds such language sufficient to confer discretion.

Accordingly, as to the claim of Aviva B., the Court will apply an abuse of discretion standard of review.

**D.  Plaintiffs Evan P. and Samantha W.**

In connection with the claims brought by Evan P. and Samantha W., Aetna initially submitted "Benefits Guides," each of which states it "contains the legal plan documents and the summary plan descriptions (SPDs)" for each such plaintiff's plan. (See id. Ex. S at AET-DF-034268, AET-DF-032472; id. Ex. V at AET-DF-042334, AET-DF-042338.)  As the Ninth Circuit has noted, "plan sponsors frequently take a 'consolidated' approach to plan document drafting where the plan document and the SPD take the form of a single document." See Prichard, 783 F.3d at 1169 (internal quotation and citation omitted). The Court finds the above-described Benefits Guides are two such instances and, as set forth below, further finds the language therein sufficient to confer discretionary authority.

The Benefits Guides grant to American Airlines, Inc.'s ("American") Pension Benefits Administration Committee ("PBAC")[5] the "discretionary authority" to, inter alia, "interpret and construe the terms of the [p]lans, their interpretation thereof in good faith to be final and conclusive upon all persons claiming benefits under the [p]lans." (See Richardson Decl., filed Sept. 16, 2016, Ex. S at AET-DF-034437; id. Ex. V at AET-DF-042535.)  The Benefits Guides further grant PBAC the authority "[t]o delegate its authority to administer [c]laims for benefits under the [p]lans by written contract with a licensed third party administrator" (see id.), and, in the administrative services agreements ("ASAs") between American and Aetna, American "delegated to [Aetna] the responsibility for initial claims decisions, requests for reconsideration, and the review process

---

[5] American is the plan sponsor, administrator, and named fiduciary for the above-referenced two plans.

9

1  described [in the ASA], except the final decision on a disputed or denied claim, which is

2  the responsibility of American" (see id. Ex. T at AET-DF-045542-43; id. Ex. W at AET-DF-

3  45563-64).[6]

Under ERISA, a named fiduciary may, as here, "delegate its fiduciary

responsibilities." See Madden v. ITT Long Term Disability Plan for Salaried Employees,

914 F.2d 1279, 1283 (9th Cir. 1990) (citing 29 U.S.C. § 1105(c)(1)). As explained by the

Ninth Circuit:

> [W]here (1) the ERISA plan expressly gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan and (2) pursuant to ERISA, 29 U.S.C. § 1105(c)(1) (1988), a named fiduciary properly designates another fiduciary, delegating its discretionary authority, the 'arbitrary and capricious' standard for review for ERISA claims brought under § 1132(a)(1)(B) applies to the designated ERISA-fiduciary as well as to the named fiduciary.

Madden, 914 F.2d at 1283-84.

Plaintiffs' argument that the standard of review nonetheless should be de novo, because American, under the Benefits Guides and ASAs, retained what plaintiffs characterize as "final discretionary authority" (see Pl.'s Suppl. Reply at 8:25-28 (emphasis omitted)), is unpersuasive. See Madden, 914 F.2d at 1284-85 (noting named fiduciary "retain[ed] ultimate discretion to construe the terms of the [p]lan"). To the extent plaintiffs contend Aetna acted at a stage of the proceedings to which it no longer had authority, such issue is not before the Court at this time and is more properly addressed when the Court later considers the merits of plaintiffs' claims.

Accordingly, as to the claims of Evan P. and Samantha W., the Court will apply an abuse of discretion standard of review.

---

[6] As further described in the two ASAs, Aetna thus was given "discretionary authority to determine availability of benefits, to construe the terms of the [p]lan and to determine the validity of charges submitted for reimbursement under the [p]lan subject to the right of the [p]lan [p]articipant to file an appeal with American." (See id. Ex. T at AET-DF-045543; id. Ex. W at AET-045564.)

10

**CONCLUSION**

As to each of the twelve related cases, the Court, for the reasons set forth above, finds the appropriate standard of review is abuse of discretion.

**IT IS SO ORDERED.**

Dated: May 1, 2017

MAXINE M. CHESNEY
United States District Judge